UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61490-DAMIAN/VALLE

428 SW 6TH STREET LLC and
WASHINGTON PARK APTS LLC,

    Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON DISCOVERY MOTIONS

THIS CAUSE comes before the Court upon Defendant's: (i) Renewed Motion to Compel (ECF No. 28) (the "Motion to Compel"); and (ii) Motion for Discovery Sanctions and to Compel Rule 30(b)(6) Deposition (ECF No. 31) (the "Motion for Sanctions") (together, the "Motions"). U.S. District Judge Melissa Damian has referred all pre-trial non-dispositive motions to the undersigned. *See* (ECF No. 19 at 3).

Having reviewed the Motions, Plaintiff's Responses (ECF Nos. 29, 32), Defendant's Reply (ECF No. 30), the record in the case, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as set forth below.

    **A. Defendant's Motion to Compel**

The Federal Rules of Civil Procedure require a party to produce items in its possession, custody, or control. Fed. R. Civ. P. 34(a)(1). This is Defendant's second motion to compel

responsive emails regarding the claims and defenses in the case.[1]  *See* (ECF Nos. 24, 28).  In the instant Motion, as in the previous one, Plaintiffs do not object to the requests for production. Rather, Plaintiffs' counsel represents that she requested that Plaintiffs produce to counsel "any and all emails pertaining to Defendant's request" and, in turn, provided all emails that she received to defense counsel.  (ECF No. 29 at 1).  Plaintiffs' response is insufficient and does not excuse Plaintiffs' failure to produce all responsive emails from the custodians identified in Defendant's request.

Accordingly, the Motion to Compel is **GRANTED**.  **Within 14 days** from the date of this Order, Plaintiffs (with guidance from counsel) must: (i) search for responsive emails (including email addresses for  rafaelpuig908@gmail.com and anneryspuig@gmail.com) and produce all responsive emails within Plaintiffs' custody, possession, or control; (ii) serve Defendant with an affidavit describing the steps Plaintiffs took to search for and produce responsive emails; and (iii) certify whether Plaintiffs' production is complete.

**B.  Defendant's Motion for Sanctions**[2]

Federal Rule of Civil Procedure Rule 37 sanctions "are intended to: (i) compensate the court and parties for the added expenses caused by discovery abuses; (ii) compel discovery; (iii) deter others from engaging in similar conduct; and (iv) penalize the offending party or

---

[1] Defendant's initial Motion to Compel (ECF No. 24) was denied without prejudice based on Plaintiffs' representation that Plaintiffs had provided "amended production responses" and would continue to work with Defendant's counsel regarding any additional information, if necessary. (ECF No. 27).

[2] Defendant's Motion for Sanctions may be granted by default because Plaintiffs filed a belated response that fails to comply with this Court's expedited briefing schedule. *Compare* (ECF No. 25) (order reiterating expedited procedures for discovery motions), *with* (ECF No. 32) (Plaintiffs' response filed 6 days past deadline).  Nonetheless, in the interest of justice, the Court will consider Defendant's Motion for Sanctions on the merits.

attorney." *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 638 (11th Cir. 2019) (citing *Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993)). If a party fails to obey an order to provide discovery, the Court may "issue further just orders." Fed. R. Civ. P. 37(b)(2). But violating a discovery order through simple negligence, misunderstanding, or inability to comply will not justify imposition of the most severe sanctions available—a default judgment or dismissal—under Rule 37. *Id.* (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Circuit 1993)). While broad, a court's discretion to determine the appropriate sanction under Rule 37(b)(2) is not limitless. Rather, the sanction must be "just" and specifically related to the particular claim at issue. *Hason v. Walmart, Inc.*, No. 22-CV-61246, 2023 WL 6200857, at *2 (S.D. Fla. Aug. 28, 2023) (citing *Malautea*, 987 F.2d at 1542), *report and recommendation adopted*, 2023 WL 6197339 (S.D. Fla. Sept. 22, 2023).

Related to the Motion for Sanctions, the discovery deadline expires on May 12, 2025. (ECF No. 19 at 2). It is undisputed that the deposition of the corporate representative was scheduled for April 8, 2025 by mutual agreement. *See* (ECF Nos. 31-1 at 1, 32 at 1). Plaintiffs' last minute request to reschedule the deposition because the witness was purportedly undergoing an unforeeen/unspecified "surgical procedure" is not supported by the record. More specifically, although Plaintiffs provided a doctor's note from an out of town plastic surgeon, the note does not discuss the urgency or necessity of the procedure. *See* (ECF No. 31-3). Moreover, given that the deposition was to be held in Florida, but the surgical procedure was scheduled in Texas, the witness must have traveled in advance of the deposition date, knowing that he would be out of town and unable to attend the depositon as previously agreed. Indeed, according to the exchange between counsel, the witness' procedure was "pending for months and [he] was finally able to get it scheduled." (ECF No. 31-4 at 3). On this record, Plaintiffs' last minute cancellation is unjustified.

3

Moreover, Plaintiffs' belated offer for alternative deposition dates runs against the soon-to-expire discovery deadline.

Accordingly, Defendant's Motion for Sanctions is **GRANTED IN PART** to compel the 30(b)(6) deposition.  **Within 7 days** from the date of this Order, the parties must telephonically meet and confer in good faith to select a mutually agreeable date (**within 21 days**) to conduct the 30(b)(6) depostion.  Furthermore, as discussed below, Defendant is entitled to monetary sanctions to defray the cost of the belatedly canceled deposition.  All other sanctions requested in the Motion for Sanction are **DENIED**.  *See* (ECF No. 31 at 6).

### C. Award of Attorney's Fees

Pursuant to Federal Rule of Civil Procedure 37, if a discovery motion is granted, after giving an opportunity to be heard, "the court must[,] require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Further, if a party fails to appear for deposition after being served with a proper notice to appear, the court may order sanctions, including attorney's fees caused by the failure unless such failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3).

Based on a review of the record, Defendant's request for monetary sanctions is **GRANTED**.  The Court will use its own knowledge and experience to determine a reasonable fee that would defray Defendant's expenses in connection with the three discovery-related motions. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (finding that a court may use its knowledge and experience concerning reasonable and proper legal fees); *see also Accellerant Specialty Ins. Co.*, No. 23-CV-61652-AHS (S.D. Fla. Aug. 7, 2025)

4

(ECF No. 59) (awarding $1,165 as sanctions for failure to attend deposition); *Paxton v. Great American, Ins. Co.*, No. 08-CV-81431, 2009 WL 5064054, at *8 (S.D. Fla. Dec. 16, 2009) (ordering payment of expenses incurred in connection with discovery motions where party failed to properly comply with discovery demands).  Accordingly, **within 30 days** from the date of this Order, Plaintiffs shall pay Defendant $1,250 to defray the costs and expenses incurred in connetion with the three discovery Motions and canceled depostion.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on April 28, 2025.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Melissa Damian
   All Counsel of Record